UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE-ANNE DENTICI,
an individual,

    Plaintiff,

CASE NO:

vs.

MUGSHOTS BJCC, LLC,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Julie-Anne Dentici ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues MUGSHOTS BJCC, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District

Court for the Northern District of Alabama.

3. Plaintiff, Julie-Anne Dentici (hereinafter referred to as "Dentici") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Dentici suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy, requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Dentici visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Dentici continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, MUGSHOTS, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief MUGSHOTS BJCC, LLC (hereinafter referred to as "Mugshots") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: The Mugshots Bar & Grill Restaurant located at 1919 Kentucky Avenue, in Birmingham, Alabama (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by MUGSHOTS is a place of public accommodation in that it is a retail Restaurant operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by

MUGSHOTS. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. Dentici has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. MUGSHOTS is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    i. There is no clear floor space to open the toilet room corridor door as necessary to exit toilet room corridor from a wheelchair;

    ii.      There is no accessible signage for the toilet rooms;

    iii.     The toilet room corridor is too narrow to provide clear floor space necessary for a wheelchair user to enter the toilet rooms;

    iv.     There is insufficient knee clearance for a wheelchair user to access that lavatory in the ladies toilet room;

    v.      The lavatory pipes are not insulated in the ladies toilet room;

    vi.     There is insufficient clear floor space within the ladies toilet room for a wheelchair user to enter the accessible toilet stall due to the narrow path leading to the toilet stalls;

    vii.    The toilet paper dispenser is mounted too close to the side grab bar interfering with use of the side grab bar by a wheelchair user transferring onto the water closet in the ladies accessible toilet stall;

    viii.   There is no wheelchair accessible seating at the bar or a lowered accessible portion of the bar, nor is any wheelchair accessible seating provided within the bar area;

    ix.     The tables in the outdoor dining area are not wheelchair accessible due to a lack of knee and toe clearance;

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by MUGSHOTS that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, MUGSHOTS was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, MUGSHOTS has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against MUGSHOTS and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 12th day of June, 2019.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com